Middleton, J.
Although a large portion of the materials purchased by appellant was used in construction work for churches, hospitals, schools and other institutions, as to Avhich certificates of exemption would have relieved the appellant from payment of the tax, the issue in this court does not involve that right of exemption. The sole issue in this court as to the sales-tax liability is the construction of Section 5546-9a, General Code (Section 5739.13, Revised Code).
The appellant urges that it is not liable for the asserted sales tax for the reason that it did not, at the time the purchases were made, refuse to pay to the vendor any tax imposed by Section 5546-2, General Code (Section 5739.02, Revised Code), or refuse to sign and present to the vendor any proper certificate indicating the sale as not subject to the tax.
The pertinent portions of Section 5546-9a, General Code, read as follows:
“In case any vendor fails to collect the tax imposed by Section 5546-2 of the General Code, or having collected the tax, fails to cancel the prepaid tax receipts in the manner prescribed by this act and by the regulations of the commissioner, he shall be personally liable *156 for such amount as he failed to collect or for the amount of prepaid tax receipts which he failed to cancel.
“In case any consumer refuses to pay to the vendor the tax imposed by Section 5546-2 of the General Code, or in the case of a sale exempt from the application of the tax refuses to sign and present to the vendor a proper certificate indicating the sale is not subject to the tax therein imposed, or signs or presents to the vendor a false certificate, or after signing and presenting a proper certificate uses the items purchased in such manner that the sale would be subject to the tax, he shall personally be liable for the amount of tax applicable to the transaction or transactions.
“In such eases the commissioner shall have power to make an assessment against such vendor or consumer, based upon any information within his possession, or that shall come into his possession. The commissioner shall give to the vendor or consumer, written notice of such assessment. Such notice may be served upon the vendor or consumer personally or by registered mail.
“The commissioner shall first issue assessments against the vendor, unless it be shown that the consumer refused to pay the tax after demand by the vendor, or the commissioner. An assessment issued against the vendor shall not be considered an election of remedies, nor a bar to an assessment against the consumer for the tax applicable to the same transaction, unless payment in full is made by the vendor.”
As authority for its position herein the appellant cites the recent decision of this court in Shafer v. Peck, Tax Commr., 160 Ohio St., 543. In that case Section 5546-9a, General Code, was construed. In the per curiam opinion the court said:
“It is apparent from a reading of the above-quoted portions of the sections that a consumer is liable only *157 when he refuses to furnish an exemption certificate.”
The court now reaffirms the position taken in the Shafer case, supra, and submits the following as a more detailed analysis of that section of the Code: The first paragraph of that section (5546-9a) clearly places upon the vendor the duty of collecting the sales tax and makes the vendor personally liable for such amount thereof as he fails to collect. The second, third and fourth paragraphs of the section relate to the liability of both the vendor and the consumer to pay the tax. With respect to the liability of the consumer, those paragraphs are limited, by the words of the second paragraph, to situations where the consumer refuses to pay to the vendor the tax imposed or, in case of an exempt sale, refuses to sign and present to the vendor a proper exemption certificate. (Liability of the consumer resulting from presenting a false certificate or unauthorized use of the material after being purchased is not here involved.) The second paragraph provides that the consumer shall be personally liable for the amount of the tax but only in instances where the consumer refuses to pay the tax or refuses to furnish exemption certificates with respect to exempt sales. The third paragraph of the section is introduced by the words, “In such cases.” Hence, with respect to the consumer, the provisions of the third paragraph are applicable only to instances where the consumer refuses to pay the tax or to furnish exemption certificates with respect to exempt transactions. The third paragraph authorizes the commissioner to make an assessment against either the vendor or the consumer “in such cases,” and it requires the commissioner to give the vendor or consumer written notice of the assessment. It is clear that the power of the commissioner to make the assessment against the consumer exists under the third paragraph only in instances where liability of the consumer arises *158 under the provisions of the second paragraph. In other words, the second paragraph defines the liability of the consumer and the third paragraph defines the power of the commissioner to make the assessment if and when the liability exists.
The provisions of the fourth paragraph of the section can be invoked against the consumer only when liability under the second paragraph is established and the resulting power of the commissioner under the third paragraph comes into being. If and when the commissioner has the power, as above outlined, to make the assessment, the fourth paragraph requires that the assessment be first issued against the vendor “unless it be shown that the consumer refused to pay the tax after demand by the vendor, or the commissioner. ’ ’
It is upon this last-quoted clause that the Tax Commissioner and the Board of Tax Appeals rely as authority to levy the present assessment. It is claimed by them that this clause contemplates, after audit, a demand upon the consumer either by the vendor or the commissioner and resulting power to levy the assessments if the consumer does not then pay the tax.
We do not consider such construction sound. The third and fourth paragraphs undoubtedly contemplate notice to the vendor and consumer of the result of the audit. The giving of this notice affords the consumer the opportunity to pay, but the giving of such notice or the making of demand upon the consumer at that time does not create a liability. The liability for the tax against the consumer is created only under the provisions of the second paragraph of the section. If the consumer has not refused to pay the tax or to furnish proper exemption certificates at the time the purchases were made (or has not signed or presented a false certificate or made improper use of a proper cer *159 tificate), the consumer’s liability for payment of the tax does not exist. Demand upon the consumer for payment after the audit does not alter his situation or create a liability previously nonexistent. If, however, his liability does exist under the provisions of the second paragraph of the section the demand upon him, after audit, merely gives him an opportunity to pay and thus avoid the levying of the assessment.
Our conclusion is that the assessment of sales tax is unlawful and with respect thereto the decision of the Board of Tax Appeals is reversed.
The situation with respect to the use tax is different. Under Section 5546-29, General Code (Section 5741.12, Eevised Code), a person storing, using or consuming tangible personal property, the storage, use or consumption of which is subject to the use tax, when the tax was not paid to the seller, is required to make a quarterly return showing the price of each purchase of tangible personal property by such person and the tax accruing on such purchases must be paid by the person making such return. In other words, the one storing or consuming the property is directly liable for the use tax.
Under Section 5546-36, General Code (Section 5741.13, Revised Code), if any person required to make a use and storage tax return to the commissioner neglects or refuses to make such return when required, the commissioner is empowered to make an assessment directly against such person. There is no requirement in the Use Tax Act for the seller to be first assessed, and the reason is manifest. The sellers are not required to register and are not required to collect the use tax.
For these reasons we hold that the assessment of use and storage taxes in this case is lawful. The decision with respect to the assessment of the use and storage tax is affirmed.
*160 Judgment is rendered accordingly and the cause is remanded to the Board of Tax Appeals.

Decision affirmed in part and reversed in part.

Weygandt, C. J., Taft, Hart, Zimmerman, Stewart and Lamneck, JJ., concur.